IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                    :        CASE NO. 13-02932 (ESL)
                                          :
JOSEPH P. MCCLOSKEY DIAZ                  :
LOURDES VAZQUEZ HUYKE                     :        CHAPTER 11
                                          :
      Debtors                             :
                                          :
_____   :

OPINION AND ORDER

This case is before the court upon the *Motion for Waiver and/or Extension of Time to File Pre-Filing Credit Counseling Certificate* filed by the Debtors on April 17, 2013 (Docket No. 4) alleging that the credit counseling certificate for co-debtor Joseph P. McCloskey Diaz ("McCloskey") was not filed because he is "currently incarcerated in the State of Florida and as such has been unable to take the credit counseling required by the Bankruptcy Code ... which constitute[s] exigent circumstances pursuant to 11 U.S.C. § 109." He requests the court to grant him a waiver and/or extension of his pre-filing credit counseling. McCloskey did not specify whether he was requesting a temporary waiver pursuant to Section 109(h)(3) or a permanent waiver pursuant to Section 109(h)(4). The court will consider his eligibility under both provisions.

Sections 109(h)(1)[1] and 521(b)(1) provide that an individual may not be a debtor in a bankruptcy case under Chapter 7, 11 or 13 unless, within the 180-day period prior to the filing of the bankruptcy petition, the individual has received an individual or group briefing from an approved nonprofit budget and credit counseling agency as described in 11 U.S.C. § 111(a). Furthermore, a copy of the proposed debt repayment plan prepared by the credit counseling agency for the debtor must also be filed at the same time as the petition. See Fed. R. Bankr. P. 1007(b)(3).

Section 109(h)(3) provides that an individual may be temporarily exempted from the credit counseling requirement for a thirty-day period after the filing of the bankruptcy petition if the individual submits a certification that: (1) describes the exigent circumstances that merit a temporary

---

[1] "[A]n individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency ... briefing ... that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis." 11 U.S.C. § 109(h)(1).

waiver of the credit counseling requirement; (2) states that the individual requested during the 180-day, pre-petition period credit counseling from an approved credit counseling agency and was unable to obtain the services during the seven-day period beginning on the date that the request was made; and (3) is satisfactory to the court. All three requirements must be met. See In re Falcone, 370 B.R. 462, 465 (Bankr. D. Mass. 2007); In re DiPinto, 336 B.R. 693, 696 (Bankr. E.D. Pa. 2006) (establishing a conjunctive test for Section 109(h)(3)). The existence of exigent circumstances without a statement of the request made to the credit counseling agency prior to the filing of the petition makes the temporary request for a waiver fatally defective.

In the instant case, co-debtor McCloskey only alleges he is incarcerated and "as such is unable to take the credit counseling required by the Bankruptcy Code" (Docket No. 4, p. 1, ¶ 3). That allegation in and of itself, however, is insufficient to demonstrate the exigent circumstances required in Section 109(h) that prevented from obtaining the required credit counseling certificate. See In re Halfpenny, 2010 Bankr. LEXIS 3742 *7, 2010 WL 4261223 at *3 (Bankr. E.D. Pa. 2010) ("No provision of the Code entitles incarcerated debtors special treatment with regard to the requirement that they request credit counseling services prior to filing a bankruptcy petition in order to qualify for a § 109(h)(3) temporary waiver."); In re Larsen, 399 B.R. 634, 637 (Bankr. E.D. Wis. 2009) ("even though incarceration may erect physical barriers to the debtor's finding an available telephone or computer to obtain the briefing, it is not a physical impairment in the sense that it is not an injury, defect, or characteristic of this person's physical makeup that prevents him from doing what is necessary to obtain the briefing"); In re Latovljevic, 343 B.R. 817 (Bankr. N.D. W. Va. 2006) (dismissing case under 11 U.S.C. § 109(h)(1) and noting that debtor had credit counseling services available to him by telephone in jail); Bristol v. Ackerman (In re Bristol), 2009 U.S. Dist. LEXIS 7107 at *12, 2009 WL 238002 at *4 (E.D.N.Y. 2009) ("[t]o the extent some bankruptcy courts have concluded otherwise and found incarceration to be a physical impairment, the court does not find their analysis persuasive, especially as it would be applied to the circumstances of this case, where Debtor had the ability to obtain the credit counseling by telephone"); In re Johnson, 2007 Bankr. LEXIS 3513 at **3-4, 2007 WL 2990563 at *1 (Bankr. D. Colo. 2007) (denying a Section 109(h)(3) request on ground that the incarcerated debtor conceded that he made no pre-petition

credit counseling request).  Because McCloskey has not alleged or demonstrated that he requested credit counseling during the 180-day pre-petition period, he fails to meet the requirements that would entitle him to a temporary waiver pursuant to 11 U.S.C. § 109(h)(3), regardless of whether his incarceration may constitute exigent circumstances.  Therefore, McCloskey's request for a temporary waiver on the credit counseling certificate is hereby denied under Section 109(h)(3).[2]

Section 109(h)(4) establishes that a debtor may be permanently exempted from the credit counseling requirement because of incapacity, disability, or active military duty in a military combat zone.  Of those applicable exemptions, McCloskey has not alleged that his incarceration renders him incapacitated or disabled.  Rather, he simply concludes that the circumstances of being incarcerated merit *ipso facto* a waiver of the credit counseling requirement.  No provision of the Bankruptcy Code supports his position.  Without a statutory basis for a permanent exemption, this court is without the authority to grant him a permanent waiver of the credit counseling requirement.  "In short, there is nothing in the statutory definition of 'disability' or the statutory framework as a whole that creates a blanket exemption from this requirement for incarcerated debtors, and it is not the proper role of this court to create an exemption that is absent from the statutory language."  In re Bristol, 2009 U.S. Dist. LEXIS 7107 at*8, 2009 WL 238002 at *3-4 (E.D.N.Y. 2009) (upholding bankruptcy court order dismissing incarcerated debtor's bankruptcy case due to failure to comply with Section 109(h)(1)).  Also see In re Anderson, 397 B.R. 363, 366-367 (6th Cir. BAP 2008) (upholding decision refusing to grant a Section 109(h)(4) waiver based upon debtor's status as an incarcerated debtor); In re Hubel, 395 B.R. 823, 825-826 (N.D.N.Y. 2008) ("incarceration does not amount to 'disability'" within the context of 11 U.S.C. § 109(h)(4)).  Therefore, McCloskey is not entitled to a permanent waiver of the credit counseling requirement under Section 109(h)(4).

In view of the foregoing, the court finds that McCloskey is not entitled to a waiver of the credit counseling requirement.  Because he is not entitled to a deferral or waiver of his obligations

[2] McCloskey cites In re Star, 341 B.R. 830 (Bankr. E.D. Va. 2006), in support of his request for waiver and/or extension of time to file the waiver.  To the extent that Star treats incarceration as an exigent circumstance *per se* and does not require the request for creditor counseling as a precondition to the waiver, this court declines to follow Star.  See In re McBride, 354 B.R. 95, 100 [fn. 5] (Bankr. D.S.C. 2006) (declining to follow Star).

to obtain credit counseling services, he is not eligible to be a bankruptcy debtor under 11 U.S.C. §§ 109(h) and 521(b)(1).

Conclusion

For the reasons stated above, this court finds co-debtor McCloskey to be ineligible pursuant to 11 U.S.C.§ 109(h) and hereby orders him to show cause within fourteen (14) days why the case should not be dismissed.

SO ORDERED.

In San Juan, Puerto Rico, this 25th day of April 2013.

Enrique S. Lamoutte
United States Bankruptcy Judge